**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN PASS | ) | |
| | ) | No. 1:19-cv- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | |
| AMERICAN PRECISION CASTINGS | ) | |
| GROUP, INC., AN ILLINOIS | ) | Magistrate Judge |
| CORPORATION, ABC HAMMERS, INC., | ) | |
| AN ILLINOIS CORPORATION, AND | ) | |
| JONATHAN KIEFT, INDIVIDUALLY | ) | *JURY DEMAND* |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

NOW COMES Plaintiff, **JOHN PASS,** ("Plaintiff"), by and through his attorneys,

JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for his Complaint against

Defendants, **AMERICAN PRECISION CASTINGS GROUP, INC., AN ILLINOIS CORPORATION,**

**ABC HAMMERS, INC., AN ILLINOIS CORPORATION, AND JONATHAN KIEFT,**

INDIVIDUALLY (each a "Defendant", collectively "the Defendants"), states as follows:

## I.    NATURE OF ACTION

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et

seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum

Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, and the Illinois

Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

II.    **JURISDICTION AND VENUE**

2.     Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

III.   **THE PARTIES**

3.     Defendant, **AMERICAN PRECISION CASTINGS GROUP, INC.,** ("APCG Inc.") owns and operates a hand tool manufacturing company located at 10330 W Roosevelt Road Westchester, Illinois 60154. Defendant, **AMERICAN PRECISION CASTINGS GROUP, INC.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.     Defendant, **ABC HAMMERS, INC.,** ("ABC Hammers") owns and operates a hand tool manufacturing company located at 10330 W Roosevelt Road, Suite 309 Westchester, Illinois 60154. Defendant, **ABC HAMMERS, INC.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the

interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5.     Defendant, **JONATHAN KIEFT,** is the owner of both corporate Defendants, **AMERICAN PRECISION CASTINGS GROUP, INC. AND ABC HAMMERS, INC.,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

6.     The Corporate Defendants, APCG Inc. and ABC Hammers are related in substantive ways (i.e. Plaintiff performed work on products sold by both entities and received paychecks from both entities) and therefore, constitute a single enterprise under the law. At all times relevant hereto, the corporate Defendants ("Joint Employers") a) performed related activities; b) through unified operation or common control; c) for a common business purpose.

7.     Plaintiff, **JOHN PASS** (hereinafter referred to as "Plaintiff") is a former hourly employee of Defendants who, between approximately August 2016 and May 2019, was employed by Defendants as a salesperson and tool manufacturer. Plaintiff performed duties related to the manufacturing of products that were then sold by both Corporate Defendants. Additionally, Defendants alternated issuing Plaintiff's paychecks for reasons unknown to Plaintiff. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

## IV.     STATUTORY VIOLATIONS

### Fair Labor Standards Act

8.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff for damages suffered by Defendants' failure to comply with 29

U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

9.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

### Chicago Minimum Wage Ordinance

10.    Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

### Illinois Wage Payment and Collection Act

11.    Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count VI of this action is brought by Plaintiff to recover final compensation of wages and other compensation earned from the Defendants.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

12.    Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

13.    Plaintiff, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

14.    Plaintiff was employed by Defendants from approximately August 2016 to May 2019.

15. Plaintiff was employed as a salesperson and tool manufacturer and performed duties related to receiving and shipping orders of tools, packing and mailing shipments of products, customer service and manufacturing hand tools and other products sold by the Defendants.

16. Plaintiff's minimum schedule was the following: 8 a.m. to 5 p.m. but often until as late as between 8:00 p.m. or 10:00 p.m. Monday through Friday. Plaintiff worked approximately every other Saturday for approximately 3 to 5 hours. Plaintiff also worked the occasional Sunday for approximately 2 to 3 hours.

17. Plaintiff spent substantial hours working for the benefit of the employer within the City of Chicago. Plaintiff spent between approximately 13-25 hours each week performing manual product manufacturing, packing and shipping duties at a foundry within the City of Chicago.

18. From approximately August 2016 to May 2018, Plaintiff was paid an hourly rate of $16.59 for only the first 40 hours worked each work week. Plaintiff received no compensation for hours worked in excess of 40 in a work week.

19. From approximately May 2018 through the end of Plaintiff's employment in May 2019, Plaintiff was paid an hourly rate of $20.00 for only the first 40 hours worked each work week. Plaintiff received no compensation for hours worked in excess of 40 in a work week.

20. Over the entire course of Plaintiff's employment, he did not receive any compensation for hours worked in excess of 40 in a work week.

21.     Plaintiff worked in excess for forty (40) hours in many, if not all, workweeks during his employment without pay at a rate of time and one half his regular hourly rates of pay for such hours.

22.     Plaintiff was denied time and one half his regular rates of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

23.     Following Plaintiff's termination in May 2019, Defendants failed to tender to Plaintiff his final week's compensation in the amount of $800.

24.     The total number of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff will be capable of providing reasonable estimates of that time, as permitted by law.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-24.    Paragraphs 1 through 24 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 24 of this Count I.

25.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one

and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

26.     Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff, as described above.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)     for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-26.   Paragraphs 1 through 26 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of Count II.

27.     Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

28.     Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-28.   Paragraphs 1 through 28 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 28 of Count III.

29.     In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

30.     Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a)    awarding liquidated damages equal to the amount of all unpaid compensation;

(b)    awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)    for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-30.    Paragraphs 1 through 30 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 30 of this Count IV.

31.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

32.    The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

33.    Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a)    declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-33.    Paragraphs 1 through 33 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 33 of this Count V.

34.    Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

35.    Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

36.    Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rates of pay.

37.    Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a)     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b)     Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c).     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     for such additional relief the Court deems just and appropriate under the circumstances.

**COUNT VI**

**SUPPLEMENTAL STATE LAW CLAIM**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT**

1-37.    Paragraphs 1 through 37 of Count VI are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 37 of this Count VI.

38.     Plaintiff, was an "employee" under the IWPCA, 820 ILCS § 115/2.

39.     Plaintiff was not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

40.     The Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

41.     During his employment, the Defendants improperly withheld the Plaintiff's final paycheck that included compensation earned for work performed in the first week of the pay period during which Plaintiff was terminated, in violation of the IWPCA.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding them:

(a)     A judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due Plaintiff;

(b)     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d)     for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 06/12/2019*

_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff